UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THOMAS C. BEAMAN, SR.,

                                          Plaintiff,

                                                                                      Case # 18-CV-6082-FPG

v.

                                                                                      DECISION AND ORDER

RONALD CHRISTENSON, et al.,

                                          Defendants.

## INTRODUCTION

*Pro se* Plaintiff Thomas C. Beaman filed a Complaint, a motion to proceed *in forma pauperis*, and a motion to appoint counsel. ECF Nos. 1-3. The Court finds that Plaintiff meets the statutory requirements of 28 U.S.C. § 1915(a), and therefore his *in forma pauperis* motion (ECF No. 2) is GRANTED. The Court also screened Plaintiff's Complaint under the 28 U.S.C. §1915(e) criteria. For the reasons that follow, Plaintiff's Complaint is DISMISSED for failure to state a claim upon which relief may be granted and his motion to appoint counsel (ECF No. 3) is DENIED AS MOOT.

## DISCUSSION

**I.    Legal Standard**

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). Pursuant to Section 1915(e), the Court must dismiss a complaint in a civil action if it determines at any time that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**II.     Plaintiff's Complaint**

Reading Plaintiff's Complaint liberally, it fails to state a claim upon which relief may be granted. Plaintiff's Complaint contains no factual allegations whatsoever and merely lists various causes of actions and statutes. ECF No. 1. Plaintiff also requests that the Court award attorney's fees and $20 million for "pain and suffering damages." ECF No. 1 at 4.

**III.    Analysis**

Plaintiff insinuates that Defendants engaged in criminal activity by using terms like "criminal sabotage conspiracy," "embezzlement," "obstruction of justice," "class B felony," and by citing criminal statutes related to mail fraud and larceny. ECF No. 1 at 1, 4, 5. However, "the law is well settled that no private citizen has a constitutional right to bring a criminal complaint against another individual." *Lewis v. Gallivan*, 315 F. Supp. 2d 313, 316 (W.D.N.Y. 2004) (citations omitted).

The only potential causes of action that Plaintiff cites that may allow him to obtain relief from this Court are breach of contract and a violation of his civil rights under 42 U.S.C. § 1983. As stated previously, however, Plaintiff's Complaint sets forth no allegations to support these or any other federal causes of action.

**III.    Opportunity to Amend**

Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or be heard before dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted). However, leave to amend pleadings is properly denied where amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting

leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.").

As indicated, Plaintiff may be able to amend his complaint to allege a breach of contract or Section 1983 claim.

"The elements of a breach of contract claim in New York are: (1) the existence of a contract, (2) performance by the party seeking recovery, (3) non-performance by the other party, and (4) damages attributable to the breach." *RCN Telecom Servs., Inc. v. 202 Ctr. St. Realty LLC*, 156 F. App'x 349, 350-51 (2d Cir. 2005) (summary order).

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997).

Accordingly, Plaintiff has until March 2, 2018 to file an amended complaint that alleges the necessary facts, if they exist. An amended complaint completely replaces the original Complaint, and therefore all of Plaintiff's allegations must be set forth in his amended complaint, if he chooses to file one. If Plaintiff does not file an amended complaint by March 2, 2018, his Complaint will be dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(b)(ii).

## CONCLUSION

Plaintiff's *in forma pauperis* motion (ECF No. 2) is GRANTED, however, unless he files an amended complaint by March 2, 2018, the Clerk of Court is directed to dismiss the Complaint with prejudice without further order. Plaintiff's motion to appoint counsel (ECF No. 3) is DENIED AS MOOT.

If Plaintiff does not file an amended complaint and the Complaint is therefore dismissed as of March 2, 2018, the Court hereby certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and that leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962). Requests to proceed on appeal as a poor person should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

    IT IS SO ORDERED.

Dated: January 31, 2018
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court